**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINOD KUMAR, | No. 06-73373 |
| Petitioner, | Agency No. A079-606-399 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
San Francisco, California

Before: RYMER and N.R. SMITH, Circuit Judges, and LEIGHTON, District
Judge.[**]

Vinod Kumar, a native and citizen of India, petitions for review of the

decision by the Board of Immigration Appeals (BIA) denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ronald B. Leighton, United States District Judge for
the Western District of Washington, sitting by designation.

(CAT). The BIA found that the government had sufficiently rebutted the presumption that Kumar has a well-founded fear of future persecution if he returns to India. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review, and we remand this matter to the BIA "to assess whether changed country conditions rebut the presumption based on the proper legal standards including an individualized determination." *Lopez v. Ashcroft*, 366 F.3d 799, 807 (9th Cir. 2004).

Our case law requires that "the BIA . . . provide an 'individualized analysis of how changed conditions will affect the specific petitioner's situation.'" *Lopez*, 366 F.3d at 805 (quoting *Borja v. INS*, 175 F.3d 732, 738 (9th Cir. 1999) (en banc)). Here, the BIA determined that Kumar no longer faced a well-founded fear of future persecution because of "(1) the current country conditions, including the end of the insurgency/counter-insurgency in Punjab; (2) changes in the police forces; and (3) the fact that the respondent is apolitical and is not a Sikh." In addition, the BIA cited to specific sections in the Department of State's country report (released March 31, 2003), which indicated there was a decrease in human right's violations in the Punjab region. However, the BIA did not make an individualized analysis as to whether the changed country conditions would affect Kumar's specific situation—a Hindu speaking out against police corruption in

1995 and 2000.  Therefore, substantial evidence does not support the BIA's decision.

Because Kumar's claim for CAT relief and withholding of removal are based on the same evidence offered in support of his asylum claim, we remand both for further consider consideration consistent with this disposition.

**PETITION FOR REVIEW GRANTED.**